(No. 20917.—

T. A. WORLEY, Defendant in Error, vs. THE HOLDING COR-
PORATION, Plaintiff in Error.

*Opinion filed April 23, 1932—Rehearing denied June 8, 1932.*

CHAPMAN & CUTLER, (CHARLES M. THOMSON, of coun-
sel,) for plaintiff in error.

DANIEL WEBSTER, (O. I. BINGAMAN, of counsel,) for
defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the
court:

T. A. Worley, doing business as T. A. Worley & Co.,
brought an action of the first class in the municipal court
of Chicago against Blyth, Witter & Co., a corporation, to
recover damages for the breach of a written contract. The
jury assessed the plaintiff's damages at $3499.70. Judg-
ment was rendered upon the verdict against the defendant

by its new name, the Holding Corporation. The defendant prosecuted an appeal to the Appellate Court for the First District and that court affirmed the judgment. A writ of *certiorari* was granted by this court and the record is submitted for a further review.

It is alleged in the verified statement of claim that the parties entered into a written contract by which the defendant agreed to purchase from the plaintiff, if and when issued, certain bonds of Elmwood Park School District No. 85, of the par value of $79,000; that prior to the time of delivery, the defendant, in writing, refused to accept the bonds; that the plaintiff was compelled to sell them in the open market at a loss and that he sues to recover compensatory damages.

An amended affidavit of merits, made in behalf of the defendant by one of its officers, was filed. The averments of this affidavit are that the contract sued upon involved the sale of choses in action of the value of upwards of $500; that the defendant never accepted or received any part of them, or gave anything in earnest to bind, or made a part payment upon, the alleged contract; that the defendant wrote and signed certain letters which set forth the terms of the contract; that according to these terms the plaintiff agreed to sell and the defendant to buy $115,000 of Elmwood Park School District bonds, subject to the holding, within a few days after January 27, 1928, of an election authorizing their issuance, and to securing from the county clerk a certificate of the assessed value of the taxable property within the district showing that the bonds could be legally issued; that it was incumbent upon the plaintiff to deliver the bonds within a reasonable time, but that he failed to do so; that on June 14, 1928, the defendant notified the plaintiff that, unless delivery of the bonds could be made that week, their purchase would be canceled; that the conditions respecting the election and the certificate of the assessed value were not performed; that bonds ag-

gregating $115,000 were never issued, and that the defendant never agreed to buy bonds of the total par value of $79,000.

All the evidence in the case was introduced by the plaintiff. The written instruments upon which he relies consist of five letters. In the first, dated January 27, 1928, addressed to the plaintiff, the defendant wrote: "We are pleased to confirm purchase from you to-day of $115,000 Elmwood Park, School District No. 85, 5½% bonds on a 4.20 basis less 1½ points." (The enumeration of bonds of the DesPlaines Park District, the Riverview South Des-Plaines School District and School District No. 157, in Cook county, follows). "All subject to their election carrying within the next few days, as scheduled and subject to your securing an assessed valuation from the county clerk's office that will enable them to issue the bonds legally. All of this made subject to the approving opinion of Holland M. Cassidy, attorney." The plaintiff, answering this letter on January 30, 1928, wrote the defendant as follows: "We are pleased to confirm sale to you of the following issues, if and when issued. Approximately $115,000 Elmwood Park Sch. Dist. #85, Cook county, 5½% bonds on a 4.20 basis less 1½%." (Approximate aggregate par values of bonds of the DesPlaines Park District, Riverview School District No. 65, and Globe School District No. 157, in Cook county, are here set forth). "This confirmation is made subject to the bonds being voted and in case it is impossible to issue all of said bonds due to insufficient bonding power, we agree to deliver such amount of each issue as can be approved by our attorney, Holland M. Cassidy, whose opinion will be secured in each instance." There was no further correspondence between the parties until June 14, 1928. In a letter dated that day, the defendant, addressing the plaintiff, said: "With reference to our purchase from you on January 27, 1928, of 115,000 Elmwood Park School District No. 85 5½%. bonds on a 4.20 basis less 1½ points,

we beg to advise that unless delivery of these bonds can be made this week we shall have to cancel this purchase from you." Four days later the plaintiff wrote the defendant: "We have your letter of June 14th relative to Elmwood Park School District 85 and note that you wish to cancel your purchase of this bond issue." The correspondence was closed by a letter to the plaintiff, dated June 21, 1928, in which the defendant acknowledged receipt of the letter of June 18, and added: "And as per our letter of June 14th, we regret that due to the time that has passed we shall be unable to accept delivery of the above bonds from you."

After the receipt of the last letter the plaintiff telephoned the cashier of the defendant that the bonds were about ready for delivery and that he had obtained a new valuation of the taxable property of the district showing that bonds aggregating $79,000 could be issued. The cashier replied that because of the lapse of time his employer should not be expected to take the bonds. Several days later, when the plaintiff told another representative of the defendant that the bonds would be ready in a few days, he was informed that owing to the unreasonable delay in issuing them, and their lower market prices, the defendant should not be compelled to take the bonds. This testimony was admitted over the latter's objection.

At an election held in the Elmwood Park School District in February, 1928, the issuance of bonds aggregating $115,000 was authorized. The assessed value of the taxable property in the district for the year 1927 was $2,428,375, which, under the constitutional limitation of five per cent, would allow a maximum indebtedness slightly in excess of $120,000. An existing indebtedness of $41,000, however, reduced the district's power to issue additional bonds to approximately $79,000, and the attorney whose opinion was required limited his approval of the aggregate of the new bonds to that sum. The bonds were received by the plaintiff on June 28, 1928, and early in July were sold to the

White, Phillips Company, Davenport, Iowa, for $86,900 plus accrued interest of $1424.87 or a total of $88,324.87. The difference between the price fixed in the letter of January 30, 1928, and the price at which the bonds were sold was $3499.70, for which sum judgment was rendered against the defendant.

Evidence was admitted, against the defendant's objection, that the plaintiff sold and delivered to it portions, but not all, of the Des Plaines Park District, the Riverview School District and the Globe School District bond issues mentioned in the letters of January 27 and January 30, 1928. Testimony concerning the technical meaning of the phrase "if and when issued," and showing the cause of the delay in delivering the bonds of the Elmwood Park School District was admitted over like objections. At the close of the plaintiff's evidence, each party made a motion for a directed verdict. Both motions were denied.

The plaintiff in error, the defendant in the municipal court, makes five contentions which, it asserts, entitle it to a reversal of the judgment. Only one, that the evidence introduced by the plaintiff did not make out the case pleaded in his statement of claim, needs to be considered.

It was incumbent upon the defendant in error, the plaintiff in the trial court, to show, among other things, the existence of a written contract by which the plaintiff in error agreed to purchase from him, bonds of Elmwood Park School District No. 85, if and when issued, of the face value, in the aggregate, of $79,000. By the letter of January 27, 1928, the plaintiff in error sought to confirm the purchase of definite amounts of bonds to be issued by three school districts and a park district, subject, in each instance, to three conditions: first, the authorization of the bonds at an election to be held "within the next few days as scheduled;" second, a showing that the assessed value of the taxable property in the district permitted their issuance, and third, the submission of an opinion by the attorney desig-

nated approving the bond issue. The letter of the defendant in error dated January 30, was not an acceptance of the proposition contained in the letter of January 27, but was in fact a counter-proposition. It substituted, in the case of each bond issue, an approximate for a definite number of bonds and the uncertain phrase "if and when issued" for an election shortly to be held.

An acceptance must be unequivocal in order to create a contract. (Section 58, Re-statement of the Law of Contracts, the American Law Institute). A reply to an offer, though purporting to accept it, which adds qualifications or requires performance of conditions, is not an acceptance but is a counter-offer. (Section 60 of the same Re-statement). To constitute a contract by offer and acceptance the acceptance must conform exactly to the offer, and if it contains new conditions there is no contract. (*Scott* v. *Fowler,* 227 Ill. 104; *Brach* v. *Matteson,* 298 id. 387). A letter written in reply to an offer, which re-states the terms of the offer, but with some variations, though slight, cannot be regarded as the consummation of a contract, and requires an acceptance upon the terms thus stated, and until unequivocally accepted, is only a mere proposition or offer. *Maclay* v. *Harvey,* 90 Ill. 525.

In none of the five letters exchanged by the parties is there a reference to bonds of the Elmwood Park School District aggregating $79,000 or any sum other than $115,-000. The evidence fails to disclose a single statement to the effect that the plaintiff in error was willing to buy whatever bonds that school district could legally issue and whenever they might be issued. The proposition the plaintiff in error made was for a definite, and not an approximate, total, and it required the election authorizing the issuance of the bonds to be held within a few days. What the plaintiff in error did with respect to the other issues of bonds mentioned in its letter of January 27, 1928, was not evidence of the course it should be compelled to pursue in

426

the case of the Elmwood Park School District bonds. Each of the bond issues enumerated was independent of the others and the event of one could not fix or determine the liability of the parties respecting another. The written contract declared upon bound the plaintiff in error to purchase bonds of the Elmwood Park School District aggregating $79,000 "if and when issued." The evidence shows that no such contract was ever made.

The judgments of the Appellate and municipal courts are reversed.

*Judgments reversed.*