## NEER v. LANG

(Circuit Court of Appeals. Second Circuit. May 15, 1918.)

No. 243.

1. CORPORATIONS ⏎116—SALE OF STOCK—OFFER AND ACCEPTANCE—TERMS OF ACCEPTANCE.

Where defendant offered to sell certain stock at a certain price, "subject to previous sale," plaintiff's acceptance of the stock, with direction to ship with draft attached and wire to that effect imported into the acceptance new provisions as to the place of delivery and payment, so that it was not identical with the offer, and prevented the making of a contract.

2. CONTRACTS ⏎16—OFFER—CONSTRUCTION.

An offer must not be uncertain or ambiguous.

3. CUSTOMS AND USAGES ⏎13—OFFER AND ACCEPTANCE—CUSTOMS OF BUSINESS.

An offer relating to a trade or business assumes that all the usages and customary incidents of such trade or business shall be part of the agreement, and they need not be expressly stated in the written or oral offer, as the law implies them.

4. SALES ⏎79—SALE OF STOCK—PLACE OF DELIVERY.

The law implies that the delivery of stock offered to be sold shall be at the place of the seller, nothing appearing to the contrary.

In Error to the District Court of the United States for the Southern District of New York.

Suit by William A. Neer against Frank R. Lang. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff is a citizen of the state of Michigan. The defendant is a citizen of the state of New York, and a resident of the Southern District thereof. The plaintiff brought suit against defendant to recover damages in the amount of $17,000 for the breach of an alleged contract to sell plaintiff 20 shares of the capital stock of a corporation known as the Saxon Motor Company.

Winter & Winter, of New York City, for plaintiff in error.

I. Balch Louis, of New York City (Henry C. Burnstine and A. Joseph Geist, both of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The right to maintain this action depends upon whether a contract was ever made as alleged. The plaintiff relies on certain correspondence which passed between defendant and himself, and which he claims constituted a contract, and involves

a breach. The plaintiff on October 9, 1915, received the following letter from the defendant:

"Fort Leavenworth, Kansas, Oct. 7, 1915.

"Wm. A. Neer & Co., Detroit—My Dear Mr. Neer: Will you keep me posted on the Saxon Motor common market. Would like to buy 10 or 15 shares at around 300, subject to confirmatio or would sell 20 shares at 400, subject to previous sale.

"Sincerely,                    [Signed]    F. R. Lang, Major, U. S. Army."

The plaintiff, upon the receipt of the letter, sent the following telegram to defendant:

"Western Union Telegram.

"10—9—1915.

"To Major F. R. Lang, Fort Leavenworth, Kansas: We accept twenty Saxon at four hundred ship with draft attached and wire when you have done this.
                                            "Wm. A. Neer & Co."

This telegram plaintiff followed with a letter as follows:

"10—9—1915.

"Major F. R. Lang, Fort Leavenworth, Kansas—Dear Sir: Upon receipt of your letter offering us 20 Saxon Motor common at 400, we immediately wired you as follows: 'We accept 20 Saxon at 400 ship with draft attached and wire when you have done this.' We trust we will receive your confirmation on this transaction very soon.

"Very truly yours,                        Wm. A. Neer & Co."

The defendant, upon receipt of plaintiff's telegram, sent to plaintiff the following letter:

"Fort Leavenworth, Kansas, October 9, 1915.

"Wm. A. Neer & Co., Detroit—Gentlemen: Saxon stock sold before receipt of your telegram. Seems to be much demand for it. Think I may be able to locate ten and possibly twenty-five shares more. What is best offer you would make for this and for how long a period is bid open?

"Very truly,                    [Signed]    F. R. Lang, Major, U. S. Army."

The statement in the above letter, "Saxon stock sold before receipt of your telegram," plaintiff claims was false, and was made with the purpose of taking advantage of the condition in his letter of October 7th that the offer there of 20 shares at 400 was subject to previous sale. The court below held that the correspondence disclosed no contract and dismissed the complaint.

[1-4] If a contract exists, it is to be found in the letter of October 7th and the telegram of October 9th. The letter contains an offer to "sell 20 shares at 400, subject to previous sale." The telegram "accepts twenty Saxon at four hundred." If nothing more had been added, a valid contract would have resulted, provided the defendant had not previously sold the shares. But the telegram contained something more, and that was, "Ship with draft attached and wire when you have done this." This imported a new item into the acceptance and prevented a contract from being made. Every agreement is the result of an offer and an acceptance thereof. An offer must not be uncertain or ambiguous, and it was not in this case as respects the 20 shares of Saxon, for it is not impossible for a court to say just what the language used meant. But an acceptance is required to be identical with the offer, or there is no meeting of the

minds, and no agreement; and in this case the offer and the acceptance are not identical.

Every trade or business has its usages, and persons who make offers relating thereto assume that all the customary incidents of such callings shall be part of the agreement, and they do not need to be expressly stated in the written or oral offer, as the law implies them. The law implies that the place of delivery of the stock shall be at the place of the seller, nothing appearing to the contrary; that is to say, in this case the place of delivery under the offer as made was Ft. Leavenworth, Kan. But under the acceptance delivery was to be made at Detroit, Mich., where plaintiff resided. The law implies from the terms of the offer that payment was to be made in cash on delivery at Ft. Leavenworth. But the acceptance provided for a payment by draft on delivery at Detroit. The defendant was required to part with possession of his stock before actual payment.

In Cameron v. Wright, 21 App. Div. 395, 47 N. Y. Supp. 571, an offer was made to sell stock at 33 cents on the dollar, subject to the right to sell to other parties. The alleged acceptance was in a telegram reading, "I accept offer; 33 for all your stock; draw three days' sight draft with stock attached." This was held to be a variance from the offer, and the interposition of a term not embraced in the original offer, and therefore not binding. And see Greenawalt v. Este, 40 Kan. 418, 19 Pac. 803; Sharp v. West (D. C.) 150 Fed. 458; Lacey v. Thomas (C. C.) 164 Fed. 623.

As there was no contract, and therefore no right to sue for a breach, the other questions raised need not be considered.

Judgment affirmed.