### C. H. POPE & CO., Inc., v. BIBB MFG. CO.

(Circuit Court of Appeals, Second Circuit, March 5, 1923. Rehearing Denied March 15, 1923.)

No. 170.

**I. Contracts ⬅147(2)—Obligation created not determined by intent of parties.**
A contract fundamentally is made by words, and, strictly speaking, has nothing to do with the personal or individual intent of the parties; it is an obligation attached by mere force of law to certain acts, usually words, which ordinarily accompany and represent a known intent.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Contracts ⬤⇒147(2)—Parties must abide by contract, though it does not express their intent.**

When persons, natural or artificial, use words in contract making falling short or going beyond their intention, they must abide the result.

**3. Contracts ⬤⇒176(1)—Construction of language for court, and ambiguity of meaning for jury.**

To ascertain and declare the meaning of the language of a contract is a function of the court, and the jury's function in the construction of a contract arises where, in view of the surrounding circumstances and usages in evidence, the meaning of the writing is not so clear as to preclude doubt by reasonable men.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Bibb Manufacturing Company against C. H. Pope & Co., Inc. Judgment for plaintiff (290 Fed. 581), and defendant brings error. Affirmed.

Olcott, Bonynge, McManus & Ernst, of New York City (Terence J. McManus, of New York City, of counsel), for plaintiff in error.

Root, Clark, Buckner & Howland, of New York City (Grenville Clark, of New York City, George S. Jones, of Macon, Ga., and Cloyd Laporte, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. This case was decided by A. N. Hand, J., in the court below, in an opinion with which we agree, and to which reference may be made for the facts. The only point argued, or in our judgment arguable, and raised by numerous assignments of error, is whether the trial court erred in refusing to send the case to the jury.

The contract alleged, and for breach of which this action was brought, was wholly written, and no words were used of uncertain meaning, even in trade usage. The question raised at bar is whether these admitted writings and nothing else showed a contract, and, if so, what contract. This is the old question of construction of documents admittedly drawn with contractual intent.

[1] The fundamental nature of a contract must always be borne in mind. It is made by words, and "has, strictly speaking, nothing to do with the personal or individual intent of the parties. A contract is an obligation attached by mere force of law to certain acts, * * * usually words, which ordinarily accompany and represent a known intent." Hotchkiss v. City Bank (D. C.) 200 Fed. 287, affirmed 201 Fed. 664, 120 C. C. A. 92 and 231 U. S. 50, 34 Sup. Ct. 20, 58 L. Ed. 115.

[2] Again, "when persons, natural or artificial, use words in contract making falling short of or going beyond intention, they must abide by the result of their efforts." Bijur, etc., Co. v. Eclipse, etc., Co., 243 Fed. 600, at page 603, 156 C. C. A. 298 at page 301. And it makes no difference whether the words are considered while inquiring whether a contract was made, or what the contract means after it is made.

[3] To ascertain and declare the meaning of language is a function of the court. The "jury's function in the construction of documents

arises wherever, in view of the surrounding circumstances and usages offered in evidence, the meaning of the writing is not so clear as to preclude doubt by a reasonable man of its meaning." Williston, Cont. § 616. For an illustration of the rule applied to the inquiry whether a contract was or was not made, see Neer v. Lang, 252 Fed. 575, 164 C. C. A. 491, and for the general rule in respect of stating the scope and effect of written correspondence, see Hughes v. Dundee, etc., Co., 140 U. S. 98, 11 Sup. Ct. 727, 35 L. Ed. 354.

There are undoubtedly cases where it is for the jury to say, not only what the parties meant, but whether they ever made a contract at all, or modified it. Zimmerman v. Girardi, 74 Fed. 686, 21 C. C. A. 1. But this is not such a case.

Judgment affirmed, with costs.