In re UNITED CIGAR STORES CO. OF AMERICA (JOSEPH E. OTIS ESTATE LAND TRUST et al., Appellants). *

No. 289.

Circuit Court of Appeals, Second Circuit.

July 6, 1936.

Gilbert, Diamond & Brandeis, of New York City, for appellants.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

As the petition correctly points out, there were three riders not absolutely identical with the one quoted in the opinion. That used in the assignment of the lease which forms the basis of the Lorch claim No. 5286 provided that the instrument was

*Writ of certiorari granted 57 S. Ct. 189, 81 L. Ed. —.

not' to operate to merge the term with the reversion. The one relating to the claim of Isidor A. and Flora L. Rubel and that relating to the claim of Livingston, Nos. 5312 and 5406 respectively, were not expressly limited to the modification of the general release contained in article 5, but their effect applies to each entire agreement; that is to say, the claimants expressly provided against the waiver of whatever right to prove the claims against the bankrupt estate the bankruptcy court might decide that they had. The meaning of such a provision, like the meaning of any contract, is to be gathered from the intent expressed in the words used taken in the light of the surrounding circumstances. Ohio Valley Pulley Works v. Oneida Steel Pulley Co. (C.C.A.) 271 F. 57. The parties were contracting in view of the then existing uncertainty as to the provability in bankruptcy of claims for future rent which was not dispelled until some two years later by the decision in Manhattan Properties, Inc., v. Irving Trust Co., 291 U.S. 320, 54 S.Ct. 385, 78 L.Ed. 824. They spoke in terms of the reservation of existing rights to be adjudicated in the future by a court of bankruptcy with reference to the provability of claims against a then adjudicated bankrupt· that of course were provable, if at all, only when filed within the time then allowed and as of the time they were filed. A majority of the court believes it would do violence to the language chosen to construe the words in their setting to mean the same as though the parties had actually said in effect, not only that all then present rights to prove in bankruptcy were to be preserved, but that the claimants might have the advantage of any change in the bankruptcy law which Congress might make in the future. This would, indeed, have been contracting on the basis of a mere guess both as to the fact of any actual change in the statute and as to what it would be. Had the parties really intended to enter into arrangements so uncertain and of such comparatively little use in furtherance of the patent desire to arrange matters so that, if possible, the business could be continued without liquidation, it 'would have been so easy to have said . so in a few plain words that the failure to use them leads a 'majority of the court to the conclusion that they made their agreements subject only to such future interpretation of the then existing law as should authoritative-ly be made to apply to the provability of the claims. The natural and reasonable meaning of the language used is the meaning to be given it. C. H. Pope & Co. v. Bibb Mfg. Co. (C.C.A.) 290 F. 586; Bijur Motor Lighting Co. v. Eclipse Mach. Co. (C.C.A.) 243 F. 600; Hunt v. Triplex Safety Glass Co. (C.C.A.) 60 F.(2d) 92.

The assignment of the lease involved in the claim of Brown, No. 5341, was not to the landlord by name but was apparently to the landlord's nominee, a circumstance which did not change its effect.

Petition denied.