## MEADOWS *v.* IRVING TRUST CO., TRUSTEE IN BANKRUPTCY, ET AL.

No. 151. Argued December 15, 16, 1936.—Decided January 4, 1937.

*Mr. Perlie P. Fallon* for petitioner.

*Mr. William D. Whitney,* with whom *Mr. R. L. Gilpatric* was on the brief, for respondents.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner's claim, under § 77B of the Bankruptcy Act, for injury due to the rejection of a lease by the respondent trustee, was denied by the District Court, and its action was affirmed by the Circuit Courts of Appeals[1]

---

[1] 83 F. (2d) 207.

upon a ground similar to that upon which it based its decision in *Schwartz* v. *Irving Trust Co., ante,* p. 456.

In 1922 the petitioner leased premises in Lincoln, Nebraska, to the United Company for ninety-nine years. The lessee agreed to pay an annual rent, taxes and insurance, and by July 1, 1942, to demolish the existing building and erect a new four-story structure. When in August 1932 the United Company was adjudicated a voluntary bankrupt it was occupying a store on the demised premises and subletting the remaining space. The trustee obtained leave of court either to reject the lease or to assign it to the petitioner or her nominee. The petitioner elected to have it assigned to a nominee and this was done by agreement dated in December 1932 in which the United Company joined. The petitioner made a new lease to her nominee for a shorter term and at a reduced rental and with no obligation for replacement of the existing building. The agreement between the landlord on the one hand, and the trustee and the bankrupt on the other, provided for the turning over to the landlord's assignee the subleases, the rents which had accrued or would accrue thereunder from the date of the adjudication, and the insurance. The petitioner agreed to assume all existing and future obligations of the United Company under the lease and released the trustee, the bankrupt, and the bankrupt estate, from all claims with respect to the lease except that petitioner did not waive "the right to prove against the bankrupt estate any provable claims to which the bankruptcy court may adjudge the landlord is entitled." In the bankruptcy proceeding the petitioner filed claims for taxes and cost of repairs, liability for which had accrued prior to the bankruptcy, for unliquidated damages resulting from loss of future rent and from anticipatory breach of the covenant to build in 1942. After the institution of a 77B pro-

ceeding by the United Company the petitioner refiled the same claims therein. The items for accrued taxes and cost of repairs are not in dispute. The trustee objected to the claim for loss of future rent and for anticipatory breach of the covenant to build in 1942. A special master recommended the allowance of the amount of the taxes and repairs and the disallowance of the balance of the claim. Upon appeal, a majority of the Circuit Court of Appeals held that although the trustee had decided to reject the lease and had filed a petition for leave so to do, or to assign, as the claimant had elected to have the lease assigned and had accepted surrender of the premises by requesting assignment to her nominee without reserving any rights under the lease against the debtor, there was no basis under § 77B for allowance of the claim. One judge concurred, holding that the qualification of the release left the way open for proof of any claim permitted by the lease itself and the provisions of 77B, but that no claim for future rent could be sustained because of a provision in the lease to the effect that, if default should occur, transfer of the lessee's interest in the demised premises together with all improvements thereon, all rents, issues, and profits accrued or to accrue, and all insurance policies upon the buildings and improvements, without compensation therefor to the lessee should constitute full satisfaction of the lessor's rights under the lease and the transfer thereof should not be considered as a penalty but as liquidating the damages suffered by the termination of the lease. We think that the decree of the Circuit Court of Appeals was right for the reasons stated in the concurring opinion.

But for the clause stipulating that a transfer by the tenant to the landlord of the demised premises and other things mentioned should terminate the tenant's liability under the lease, the petitioner would have had a provable

claim.[2]   The surrender of the premises by the trustee, the acceptance thereof, and the assignment of the lease to a new tenant nominated by the petitioner, whatever may have been their effect under state law, would not bar any claim which she had by force of § 77B for injury due to the trustee's rejection of the lease.[3]   The landlord's release would likewise have been ineffective to prevent the proving of a claim for injury due to the rejection since the reservation in it was broad enough to save any claim provable under the Section.[4]   The petitioner would, therefore, have had a provable claim except for the terms of her own lease contract by which she had stipulated that, upon termination of the lease, the transfer of the demised premises and certain other things to her, all of which admittedly were transferred to her nominee upon the trustee's rejection of the lease, should be full satisfaction of any damage due to the lessee's default.   We have held in *Schwartz* v. *Irving Trust Co., ante,* p. 456, that a landlord is bound by his release of the tenant and the trustee for a consideration moving to him, and it is immaterial whether such a release be executed after default or constitute a part of the lease contract.   The decree is

*Affirmed.*

MR. JUSTICE BRANDEIS and MR. JUSTICE STONE took no part in the consideration or decision of this case.

---

[2] *City Bank Farmers Trust Co.* v. *Irving Trust Co., ante,* p. 433. *Schwartz* v. *Irving Trust Co., ante,* p. 456.

[3] *City Bank Farmers Trust Co.* v. *Irving Trust Co., supra.*

[4] *Schwartz* v. *Irving Trust Co., supra.*