## In re UNITED CIGAR STORES CO. OF AMERICA.

### Appeal of SALISBURY INV. CO.
### No. 156.

Circuit Court of Appeals, Second Circuit.
March 8, 1937.

Beekman, Bogue, Leake, Stephens & Black, of New York City (Edward K. Hanlon, Douglas M. Black, and Daniel F. Harrington, all of New York City, of counsel), for appellant.

Cravath, deGersdorff, Swaine & Wood, **of** New York City (R. L. Gilpatric, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In August, 1932, when United Cigar Stores Company of America was adjudicated a bankrupt upon its voluntary petition, it was the lessee of premises in Salt Lake City, Utah, under a lease from the appellant. Part of the premises were occupied by the bankrupt and the remainder it had sublet.

Pursuant to court order, the trustee in bankruptcy rejected the lease, and thereafter, on February 15, 1933, an agreement was made whereby the bankrupt assigned to the landlord the lease and subleases, the trustee paid the landlord rents collected under the subleases from and after September 1, 1932, and the landlord released all claims, reserving, however, by a contemporaneous letter, "any provable claims" to which the bankruptcy court might adjudge it entitled. Subsequently the bankruptcy proceedings were converted into reorganization proceedings, and the landlord filed its claim therein for damages resulting from the trustee's rejection of the lease. The claim was disallowed, on the authority of In re United Cigar Stores Co. of America (Otis Case) (C.C.A.) 83 F.(2d) 202, rehearing denied 85 F.(2d) 11 (C.C.A.2). This case was reversed in Schwartz v. Irving Trust Company, 299 U.S. ——, 57 S.Ct. 303, 81 L.Ed. ——, and it is now conceded that the reservation from the release of "provable claims" was sufficient to save any claim which the landlord might have under section 77B(b) (10), 11 U.S.C.A. § 207 (b) (10).

Relying upon Meadows v. Irving Trust Co., 299 U.S. ——, 57 S.Ct. 307, 81 L.Ed. ——, decided at the same time as the Schwartz Case, the appellee contends that disallowance of the claim must be sustained on the ground that the tenant's liability to the landlord was extinguished in accordance with the terms of the lease by reason of the assignment thereof to the landlord. Article sixteenth of the lease provided: "that in the event of an absolute sale and transfer of this lease by assignment with the future written consent of the lessor, but not otherwise, the lessee shall be freed from any further liability hereunder."

We think it clear that this clause relates to a genuine assignment of the term to a third person who would take over the obligations of the lessee. It must be read in conjunction with the eleventh article, which provided that the lessee was not to assign without the written consent of the lessor, nor unless all sums then due under the lease had been paid, and that, in the event of an assignment with the lessor's written consent, "an original copy of the instrument" must be furnished the lessor and recorded in the office of the county recorder. It would be very far-fetched to consider the lessor's signature to the agreement of February 15th, which was in reality an agreement of compromise, as its "written consent" to an "absolute sale and transfer of the lease by assignment." It is true that, as against the subtenants of the parts of the premises that were sublet, the assignment to the lessor may not have resulted in a merger of the term into the fee (see Ashton Holding Co. v. Levitt, 191 App.Div. 91, 180 N.Y.S. 700) ; but that fact does not require us to assimilate the assignment to the kind of transfer covered by article sixteenth, which plainly contemplated a transfer of the term to a true assignee who should thereafter hold directly from the lessor. The situation in the Meadows Case was very different. There the lease contained a stipulation that a transfer by the tenant to the landlord of the land, building, insurance policies, and other things mentioned should terminate the tenant's liability, and by such transfer the landlord had received the agreed liquidated damages. · Here there was no such transfer as would terminate the tenant's liability under the sixteenth article. The case is, therefore, governed by the Schwartz decision, and the order must be reversed and the cause remanded for liquidation of the claim. It is so ordered.