DAVID REVEL, Admr., Appellant, *vs.* S. T. BUTLER *et al.*— (THE ILLINOIS MERCHANTS TRUST COMPANY, Appellee.)

*Opinion filed October 28, 1926.*

LEASES—*owner is not liable for negligence of lessee in failing to supply heat to tenants.* Although an owner of an apartment building has covenanted to supply heat to his tenants, if he subsequently leases the entire building to a lessee, who takes the property subject to all existing leases and agrees to perform all the covenants thereof and the tenants subsequently pay rent to the lessee, the owner cannot be held liable in damages under the Injuries act for the death of a tenant who contracted pneumonia due to the failure of the lessee to supply heat as covenanted, as the owner, in such case, has ceased to be the landlord and the privity of estate between him and the tenant has ended.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

BEACH & BEACH, for appellant.

BURRY, JOHNSTONE & PETERS, (ARTHUR DIXON, of counsel,) for appellee.

322—22

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

David Revel, as administrator of the estate of Karl Henry Bornholdt, deceased, brought an action of trespass on the case in the superior court of Cook county against S. T. Butler and Laura McIntosh to recover damages for the wrongful death of the plaintiff's intestate. The declaration consisted of one count, and charged that the defendants violated the provision of a certain lease requiring them to supply steam to heat the apartment in which Bornholdt lived, and that as a direct result of their negligence Bornholdt contracted pneumonia and died. After demurrers to the declaration had been overruled each of the defendants filed a plea of the general issue. During the pendency of the action the insanity of Butler was suggested of record, and the Illinois Merchants Trust Company, as the conservator of his estate, was substituted in his stead. A jury trial resulted in a verdict against the defendants, upon which, after motions for a new trial and in arrest of judgment had been overruled, judgment was rendered. The conservator prosecuted a separate appeal to the Appellate Court for the First District, and that court reversed the judgment without remanding the cause. On the application of the administrator the Appellate Court granted a certificate of importance and allowed an appeal to this court, and the record is here for a further review.

Butler owned an apartment building known as 4012-4014 Sheridan road, in the city of Chicago. The building contained two seven-room and four eight-room apartments. On July 8, 1919, Butler leased apartment No. 1 to Bornholdt for the period from July 15, 1919, to September 30, 1920. The lease provided that the lessor should supply the steam for heating the apartment at all reasonable hours each day and evening from October 1 to May 1 but that he should not be liable in damages for unavoidable delay in

that respect. Pursuant to the lease Bornholdt entered the apartment and occupied it with his wife, child and mother-in-law. Subsequently, on December 2, 1919, Butler leased to Laura McIntosh from December 1, 1919, to September 30, 1924, the "premises * * * known and described as * * * 4012 and 4014 Sheridan road, * * * consisting of two seven-room and four eight-room apartments, to be occupied for and used as hotel purposes and for no other purpose whatever." This lease further provided that the lessee should keep the premises and appurtenances, including catch-basins, vaults and adjoining alleys, in a clean and healthy condition according to the city ordinances and remove the snow and ice from the sidewalk in front of the premises and from the roof when necessary; that she should take "such apartment building" subject to all existing leases and be entitled to the rents accruing under them from December 1, 1919, and that she should perform all the covenants on the part of the lessor in such leases, furnish the heat and hot water necessary in such apartments, assume the janitor service, and pay all charges and expenses incurred in operating the building except taxes and insurance. Both leases were signed in behalf of Butler by W. K. Young & Bro., his agents. Before the lease to Mrs. McIntosh was executed Butler hired the janitor, bought the coal and through his agents operated the building and collected the rents from the tenants. After that lease was made Mrs. McIntosh furnished the coal, paid the janitor's wages, managed the building and collected the rents from the tenants, including Bornholdt. She paid the rent for the whole building, under her lease, to Butler's agents. ,

At the time Bornholdt occupied the apartment he was about fifty-three years of age and was employed as a salesman for a lumber company. His duties required him to drive about the northern part of the State in an open touring car, soliciting orders for lumber. He was absent from Chicago much of the time, usually returning home at the

end of each week. During March and April, 1920, Mrs. McIntosh neglected to provide sufficient coal for the building in which Bornholdt lived and the apartments were without heat for several days at a time. Appeals to her failed to obtain an adequate supply of coal and during these periods the temperature in Bornholdt's apartment descended to forty degrees Fahrenheit. Bornholdt remained at home on the 7th and 8th of April and no steam to heat his apartment was furnished on either of these days. He became ill on the evening of the second day, pneumonia developed, and he died on April 16, 1920.

Appellant contends that he has a right of action in tort by virtue of the act entitled "An act requiring compensation for causing death by wrongful act, neglect or default," (Cahill's Stat. 1925, p. 1456,) for the failure on the part of Butler to furnish heat to the apartment occupied by Bornholdt, notwithstanding Butler leased the building to Laura McIntosh and the latter agreed to heat it. Appellee, on the contrary, insists that the lease from Butler to Mrs. McIntosh has the same effect as the assignment of the reversion created by the lease to Bornholdt; that after the lease to Mrs. McIntosh was consummated there was no privity of estate between Butler and Bornholdt but only privity of contract, and that, having relinquished the control and management of the building to Mrs. McIntosh, Butler was not guilty of any negligence that could be made the basis of an action under the statute.

Section 1 of the act upon which appellant relies provides: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the per-

son injured, and although the death shall have been caused
under such circumstances as amount in law to felony." The
second section defines the plaintiff, prescribes the maximum
recovery and designates the persons to whom it shall be dis-
tributed, and fixes the period of limitation.

When the lease to Mrs. McIntosh became effective, on
December 1, 1919, Butler surrendered control of the build-
ing to her. After that date she operated and controlled
the building and collected the rents. She performed these
duties and exercised these rights in accordance with the ex-
press provisions of her lease. After that lease was consum-
mated Bornholdt paid rent to Mrs. McIntosh and demanded
of her that she supply the steam to heat his apartment. He
recognized that the relationship of landlord and tenant be-
tween Butler and himself had ceased to exist.

By the transfer to Mrs. McIntosh of the reversion un-
der the lease to Bornholdt all the rights and liabilities as
between the parties to that lease, based upon privity of es-
tate, were terminated, and Butler could not thereafter be
held liable for Mrs. McIntosh's failure to supply heat to
the apartment occupied by Bornholdt. In Tiffany on Land-
lord and Tenant (vol. 1, sec. 148,) it is said: "Upon a
transfer of the reversion, whether by voluntary act or by
operation of law, the transferrer ceases to be the landlord,
and the privity of estate between him and the tenant thus
coming to an end, he can no longer assert rights against
the tenant based thereon nor be subjected to liabilities in
that regard." (*Walker's case,* 3 Coke, *22a; Black* v. *Davis,*
Batty, 80.) Under the facts of the case Bornholdt had no
right of action against Butler, and it follows that none ac-
crued to his administrator by virtue of the statute invoked.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*