Arthur Rubloff and Company, Appellant, v. Sol S. Leaf, Individually and as Representative of the Holders and Owners of the Capital Stock of Leaf Building Corporation, Appellee.

Gen. No. 45,652.

Opin-
ion filed May 20, 1952. Rehearing denied July 1, 1952. Released for
publication July 1, 1952.

ROTHBART & ROSENFIELD, of Chicago, for appellant;
EDWARD ROTHBART, JULIUS M. ROSENFIELD, JOSEPH
STEIN, and THOMAS E. MORAN, all of Chicago, of counsel.

GERALD WHITE, of Chicago, for appellee; ARTHUR
MAGID, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the
court.

This is an action for the recovery of brokerage com-
missions by plaintiff, Arthur Rubloff & Co., a corpora-
tion, from defendant Sol S. Leaf, individually and as
representative of the holders and owners of the capital
stock of Leaf Building Corporation, pursuant to the

terms of a certain written contract between the parties. The appeal is from an order dismissing the suit on motion of defendant.

The trial court based its action on a written opinion filed by it and made a part of the order of dismissal holding (1) that the contract between the parties related only to the sale of stock and did not cover the sale of real estate, and (2) that the agency created by the contract was not coupled with an interest and therefore defendant had the right to revoke the agreement without any liability to plaintiff.

The complaint that was dismissed consisted of two counts. Count I sets forth the written contract between plaintiff and defendant, who signed the agreement on behalf of the owners and holders of all of the capital stock of Leaf Building Corporation, granting to plaintiff the exclusive agency to sell all of the shares of stock of the Leaf Building Corporation for the sum of $1,800,000 in cash, or such price as the building corporation might accept, less certain enumerated items. The contract provided that if plaintiff produced a purchaser able to pay the purchase price, but who was not desirous of purchasing the capital stock, "then the undersigned shall use their best efforts to procure title to said real estate and improvements for conveyance to such a purchaser." The contract was dated December 5, 1950, and was to continue in full force and effect until the close of business on February 28, 1951. It was further alleged that before the termination of the contract, plaintiff procured a purchaser ready, willing and able to pay the price and that the defendant refused to perform the agreement and that defendant was obligated to plaintiff for a brokerage commission in the sum of $90,000.

Count II realleges the substance of Count I and in addition that plaintiff had expended much effort and money to procure a purchaser; that on February 19, 1951, the defendant advised plaintiff that he would

193

refuse to consummate any sale; that plaintiff remains ready to perform and did before the expiration of the contract procure a purchaser at the stipulated price.

Defendant filed an answer admitting the execution of the agreement and denying all of the other material allegations of the complaint. Upon the filing of the answer plaintiff was given leave to and did file a motion for summary judgment with supporting affidavits and defendant was given leave to file counteraffidavits. Defendant filed instead a motion for leave to withdraw his answer and to file a motion to strike the complaint and to dismiss the action, and to strike the motion for summary judgment. The trial court, after extended arguments, entered an order allowing defendant to withdraw its answer, file the motion to strike the complaint, dismissed the action of plaintiff pursuant to a written opinion that was made a part of the record and denied plaintiff's motion for leave to amend the complaint.

As to the trial court's decision that the contract related only to the shares of stock and did not cover the sale of the real estate, the contract between the parties provided:

"In the event that you produce a bona fide purchaser that is ready, willing and able to pay the aforementioned sum of money, but who is not desirous of purchasing said capital stock, then the undersigned shall use their best efforts to procure title to said real estate and improvements for conveyance to such a purchaser."

██ ██ What significance is to be given to this paragraph if it is not an alternative proposition given by defendant to plaintiff to secure a purchaser for the property? It is a fundamental concept of law that a contract must be interpreted in its entirety. The defendant·in the agreement describes the real estate and

194

states that he is the representative of the owners of all of the capital stock of the Leaf Building Corporation. If this statement is correct, there should be no difficulty if the purchaser did not desire to buy the stock in securing the necessary corporate action for a conveyance of the real estate from the corporation to the stockholders for the purpose of conveying it to a purchaser secured by the plaintiff. True the defendant only agreed to use his best efforts to procure title to the real estate, but the complaint alleges defendant neglected and refused to use his best efforts to procure title. The burden would then be on defendant to show that he had used his best efforts and this was a question of fact to be raised by answer to the complaint and not on motion to dismiss.

██ It is further contended that this provision with reference to the sale of real estate is vague and lacking in certainty and therefore unenforceable. It is an established principle of law that an agreement too indefinite and vague for enforcement at its inception may be made definite by performance. *Smithereen Co. v. Renfroe,* 325 Ill. App. 229, 244; *Roessler v. Burwell,* 119 Conn. 289; *Walker Coal & Ice Co. v. Westerman,* 263 Mass. 235; *Meyers v. Nolan,* 18 Cal. App. (2d) 319, 63 Pac. Reporter (2d) 1216. Plaintiff alleges performance. This also presents a question of fact and similarly should be raised by answer and not on a motion to dismiss.

██ As to the second ground on which the action was dismissed, the trial court held that the agency created by the contract was not coupled with an interest and therefore the defendant had the right to revoke the agreement without any liability to plaintiff. The court bases its decision on the facts set forth in the affidavits filed by the plaintiff in support of its motion for summary judgment pursuant to sec. 57 [par. 181] of the Civil Practice Act, chap. 110, Ill.

Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.057], and finds that the plaintiff had failed to perform the contract and that his agency had been revoked by the defendant. The complaint does not allege that defendant revoked plaintiff's agency. The complaint only alleges performance by plaintiff and refusal to perform by the defendant in accordance with the obligation of the agreement. The motion relates only to the sufficiency of the complaint and the court should have based its decision only on the allegations therein set forth. *Sheaff v. Spindler*, 339 Ill. 540, 552. The same reasoning upon which we decided the first point applies with equal force here. This is an issue of fact to be raised by answer and not on a motion to dismiss.

A discussion of the law upon which the trial court based its opinion would serve no useful purpose. Its conclusions were reached from facts taken from affidavits that were not properly before it on a hearing of the motion to strike. We cannot now ascertain what will be the ultimate facts before the trial court for decision.

██ Defendant further contends that he cannot be made a party to the action individually and as a representative of the holders and owners of the capital stock of Leaf Building Corporation. In this contention he is correct. A plaintiff may sue in a representative capacity on behalf of himself and others similarly situated but there is no authority for an action at law against a defendant in a representative capacity. The complaint alleges that defendant was a stockholder and agent and representative of the other owners and holders of the stock of the Leaf Building Corporation. It further alleges that plaintiff does not know the names of the other stockholders of the Leaf Building Corporation and as soon as their names are ascertained he will join them as additional parties defendant. It further alleges the agreement was with

196

"the stockholders" of the Leaf Building Corporation for the sale of the capital stock or the real estate. Plaintiff prays for judgment against defendant in the sum of $90,000. It is not clear whether the judgment is asked against the defendant individually or individually and as representative or agent of the holders and owners of the stock of the Leaf Building Corporation. These allegations of the complaint are indefinite and ambiguous. For this reason the complaint should have been stricken, but not dismissed, with leave given to plaintiff to file an amended complaint within a reasonable time. *Wuellner v. Illinois Bell Tel. Co.,* 390 Ill. 126. Defendant is entitled to know in what capacity he is being sued.

Plaintiff contends that this court, based on its motion for summary judgment against the defendant, should enter judgment on its behalf. The trial court did not in its order of dismissal nor in its opinion pass on plaintiff's motion for summary judgment to which defendant had filed a motion to strike. Issues were raised by the defendant's motion to strike testing the sufficiency of plaintiff's motion and this court cannot act when these issues remain to be decided by the trial court.

For the reasons herein set forth the order of the trial court dismissing the action is reversed and the cause remanded with directions to allow plaintiff to file an amended complaint within a reasonable time and for such other action as is not inconsistent with this opinion.

*Judgment dismissing action reversed and cause remanded with directions.*

SCHWARTZ, J., concurs.

TUOHY, P. J., took no part.