**Jane L. Krause, John R. Krause and Dorothy Krause, Plaintiffs-Appellees, v. Peter Buttino, Defendant-Appellant.**

**Gen. No. 10,788.**

Second District.

December 15, 1954.

Released for publication January 14, 1955.

Eckert and Caldwell, of Woodstock, for appellant; William I. Caldwell, of Woodstock, of counsel.

Russell &. Bridewell, of Chicago, and Charles C. Stadtman, of Woodstock, for appellees; David A. Bridewell, of Chicago, and Charles C. Stadtman, of Woodstock, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Jane Krause, John Krause and Dorothy Krause were the owners of a 141-acre farm in McHenry county, Illinois. Peter Buttino had been a tenant on the farm under a written lease for the past two years. His lease expired on February 28, 1954. The rental for the farm had been $1200 per year. Before the lease expired, the owners and the tenant negotiated for another lease for the year 1954, the owners insisting that the rent should be increased from $1200 to $1500 per year. The owners prepared a lease similar to the one that had been in effect prior to February 28, 1954, but instead of $1200 as a rental it was $1500. They mailed two copies of this lease to Mr. Buttino. He signed the lease, but struck out the $1500 rent and wrote in $1200. Accompanying the lease when the owner sent it to Mr. Buttino, was a letter which stated as follows: "If you wish to rent our farm for another year for $1500 please sign and return the lease. I would appreciate an early reply. Sincerely, Anna M. Krause." On this letter Mr. Buttino wrote the following: "February 6, 1954, this is the best I can do, because of falling prices. An early reply yes or no. Signed Peter Buttino, Woodstock, Illinois, R. #2." Mr. Buttino struck out the $1500 in Anna Krause's letter and wrote in $1200. With this lease he sent a check for $1200 payable to the order of J. J. Krause. The Krauses kept the signed lease and check for $1200 until March 12, 1954, when they returned them to Mr. Buttino. At the time the check was returned to Mr. Buttino, there were conversations between them in regard to renting the farm for another year, but at an increased rental, and as the parties could not agree, so

76

the owners started a suit in the justice of peace court in McHenry county for possession of the land. The justice held in favor of the plaintiffs and Mr. Buttino took an appeal to the circuit court in McHenry county. After a hearing before the court without a jury, that court found that the owners of the farm were entitled to its possession and entered a judgment accordingly. It is from this judgment that the appeal has been perfected to this court.

■ The appellant states that when a tenant holds over after the expiration of the original term under a written lease for a year, with the acquiescence of the landlord the tenancy becomes a tenancy from year to year. The appellee agrees that this is the correct statement of the law, but the facts do not justify in assuming that the landlord acquiesces in the tenant holding over. We agree with the appellees that the facts in this case do not bear out the appellant's assertion that the landlord acquiesced in the tenant holding over under the 1953 lease. There was a dispute between the parties as to the amount of rent that should be paid for the year 1954. The lease in question provided for $1500 a year and the letter written accompanied with the lease also said $1500 a year. Mr. Buttino never accepted this offer, but made a counteroffer for $1200 and asked for a reply yes, or no, as to whether the landlord would accept his offer. They told him no and demanded more rent. He then claimed that because they did not return the lease, and the check that he had sent them for $1200, that they then had acquiesced in his proposal.

Mr. Bernard Walters testified that he was a farmer living in the neighborhood of the Krause farm; that he went to Mr. Buttino to get the address of Mrs. Krause. He stated that he asked Buttino if he had a lease on the land, and he said, "no." He said, "he would be happy to move off, that it didn't matter much, he would be glad to move off and it didn't matter much

if he got off, because he had the next farm rented."
This conversation Mr. Walters stated occurred about
February 20, 1954, in the presence of his wife and Mr.
Buttino. Walters stated that he asked him if the place
was rented and he said, "no, that she called him and
wanted more money and that he would not pay it and
that she should rent it to some one else, he would be
happy to move off." Mr. Buttino denies this conversa-
tion. The trial court saw these two witnesses and heard
them testify and was in a much better position than a
court of review to decide which one was more worthy
of belief.

In the case of Snow v. Schulman, 352 Ill. 63, a dis-
pute arose over a commission and whether there was
a valid contract to pay it. In the opinion the court
states the law as follows: "It is evident, therefore, that
in law there never was a valid acceptance of Schul-
man's application for a loan to him in any amount by
the insurance company. To constitute a contract by
offer and acceptance the acceptance must conform ex-
actly to the offer, and although a reply to an offer pur-
ports to accept the offer, it is not an acceptance but is
a counter-offer and does not create a contract where
it adds qualifications and requires the performance of
new conditions. (Worley v. Holding Corp., 348 Ill.
420.) A letter written in reply to an offer, which re-
states the terms of the offer but with some variations,
though slight, cannot be regarded as the consummation
of a contract and requires an acceptance upon the
terms thus stated, and until unequivocally accepted is
a mere proposition or offer. Maclay v. Harvey, 90 Ill.
525."

The law is similarly stated in Columbia Malting Co.
v. Clausen-Flanagan Corp., reported in 3 F.2d 547, in
the circuit court of appeals of the second circuit, and
there we find as follows:

"The question is whether this amounted to an accept-
ance of the plaintiff's offer. It is elementary that an

acceptance must be unequivocal. It must not change, add to, or qualify the terms of the offer. A reply to an offer which makes new stipulations as to quality invalidates an acceptance. National Bank v. Hall, 101 U. S. 43, 50, 25 L. Ed. 822; Bank of Buchanan County v. Continental National Bank of Los Angeles (C. C. A.) 277 F. 385, 390; Neer v. Lang, 252 F. 575, 576, 164 C. C. A. 491; Young's Market Co. v. Pioneer Produce Co., 192 F. 822, 113 C. C. A. 146; Williston on Contracts, vol. 1, p. 136, and cases there cited.

"One to whom an offer is made must either accept it or reject it. And if he does not accept it he necessarily rejects it. If he introduces a new term into the offer, he in effect offers a counter proposal." To the same effect is Saco-Lowell Shops v. Clinton Mills Co., 277 Fed. 349. Sections 42 and 43 of Vol. 17, Corpus Juris Secundum, states the law more fully in regard to a conditional acceptance for a contract, or the terms varying from the offer.

■ The appellant insists that when plaintiffs received a check for a year's rent from the defendant while defendant continued in possession, after the expiration of a written lease, the failure of the plaintiffs to return the check until six weeks later constituted acceptance by the plaintiffs. This statement is not in accordance with the facts in the case. The lease did not expire until February 28th and the check was returned on March 15th. They cite as authority for this proposition of law, Canton Union Coal Co. v. Parlin & Orendorff Co., 215 Ill. 244. The facts in that case were entirely different. There was a dispute which arose between the Canton Union Coal Company and the Parlin & Orendorff Company in regard to coal that had been shipped, and a check had been tendered in full payment of the disputed claim. The court then used the quoted language as stated in appellant's brief, namely; "If the plaintiff was not willing to accept the check as sent, in full of the account and acknowledge

79

the receipt of it as requested, it ought to have returned it." Here in the instant case the check was never accepted as payment, but was returned by the Krauses to Buttino and he accepted it back without objection and was returned to the owners of the land not by himself, but by his attorney. The evidence does not bear out the claim that the appellees ever accepted the $1200 check as payment for the rent of this farm for 1954.

It is our conclusion that when the appellant returned the lease and he altered it by inserting $1200 where it was originally proposed to be $1500, and in changing the letter from $1500 to $1200, and also stating that that was the best he could do, and demanded an answer yes or no, that this was a new proposal from Buttino to the Krauses and they never accepted his proposal and he was not a tenant under the old lease from year to year. The court properly found that the plaintiffs were entitled to the possession of the farm. The judgment is hereby affirmed.

Affirmed.

JUDGE DeWITT S. CROW took no part in this opinion.