HALLIE BURDIN, Plaintiff-Appellant, $v_i$ JEFFERSON TRUST AND SAVINGS BANK OF PEORIA, d/b/a JEFFERSON HOTEL AND MOTOR INN, Defendant-Appellee.

(No. 70-64;

Third District—April 20, 1971.

Elliott Young, of Peoria, for appellant.

Davis, Morgan & Witherell, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County which dismissed with prejudice the second amended complaint of the plaintiff. On December 2, 1968, Hallie Burdin, hereinafter referred to as plaintiff, filed a verified complaint against the Jefferson Trust and Savings Bank of Peoria, doing business as Jefferson Hotel and Motor Inn, hereinafter referred to as the defendant. The complaint charged the defendant with a breach of a lease agreement relating to the operation of a lounge known as the Pigalle Cocktail Lounge in the Jefferson Hotel in Peoria. The lease in question had been entered into February 15, 1967, by the plaintiff and one BERS Corporation, which then owned the hotel.

The relevant portions of the lease are as follows:

"(F)irst party (BERS Corporation) will provide second party (plaintiff) with a current liquor license and keep same current and in full force and effect at second party's expense during the term of this Lease and any extensions thereof: first party shall do nothing on its part to revoke or cause to be revoked said liquor license, and if it should be determined that first party has so acted, first party shall pay to second party Three Hundred ($300.00) Dollars per month for the remainder of the unexpired portion of the Lease. If the liquor license be revoked for any reason other than the fault of the first party, second party shall be released from all of the obligations of this Lease and the parties returned to their status quo; first party shall further provide at first party's expense all necessary insurance including dram shop insurance in an amount of coverage common to such operation."

The BERS Corporation became involved in bankruptcy proceedings and on March 22, 1968, the defendant purchased the Jefferson Hotel and Motor Inn. The complaint alleged that as successor in interest to the BERS Corporation the defendant had acquiesced in and conformed to the lease agreement, but had subsequently caused the City of Peoria to revoke the liquor license previously issued to the lounge and had on

November 12, 1968, breached its agreement to supply plaintiff with a liquor license.

The defendant filed a motion which alleged that the agreement was illegal, void on its face, and submitted that the complaint should be dismissed for failure to state a cause of action. The motion was supported by authenticated copies of court proceedings and official records. These supporting documents established *inter alia* that plaintiff by means of a temporary injunction proceedings had attempted to restrain the City of Peoria from interfering with his operation of the Pigalle Cocktail Lounge. On November 1, 1968, the circuit court of Peoria County dismissed plaintiff's injunction proceedings for want of equity. The answer filed by the city in the injunction proceedings contained several pertinent allegations, *i.e.*, (1) that the ordinance controlling the license under which the Pigalle Cocktail Lounge was being operated permitted only retail sales in any hotel when such retail sales are made by the same person who operates the hotel, (2) that the operation of the lounge by plaintiff under a license issued to the hotel was a subterfuge and in violation of the ordinances of the City of Peoria, (3) that plaintiff was not a person of good moral character to whom a license would be granted.

On February 7, 1969, the trial court allowed defendant's motion to dismiss plaintiff's complaint and granted leave to the plaintiff to file an amended complaint.

On March 7, 1969, plaintiff filed a verified amended complaint. This complaint alleged that upon succeeding to the interest of the BERS Corporation the defendant had accepted plaintiff as a partner and pursuant to an oral agreement undertook to obtain a liquor license for the lounge and did purchase and maintain Dram Shop insurance and other insurance coverage. Abandoning the allegation in his original complaint that the breach occurred on November 12, 1968, the amended complaint alleged that the partnership functioned to the mutual benefit of the plaintiff and defendant until October 23, 1968, but on that date the defendant elected to dissolve the partnership to the damage of the plaintiff.

On motion of the defendant which incorporated the supporting documents attached to the motion to dismiss the original complaint and which again alleged the illegality of the agreement sued upon, the trial court dismissed the first amended complaint. On October 16, 1969, plaintiff filed a verified second amended complaint. In this document it was alleged that the defendant had purchased the hotel on March 22, 1968, and had on that date requested plaintiff to continue to operate the lounge as a partner of the defendant. It was further alleged that pursuant to oral agreement defendant was obligated to obtain city and state liquor licenses and assured plaintiff that it had performed this obligation. This

complaint alleged that defendant had continuously breached its duty from March 22, 1968, by failing to acquire a license and that plaintiff had no knowledge that illegal circumstances existed; and that as a result of the defendant's failure to obtain a proper license plaintiff was not allowed to carry out his part of the partnership agreement.

As in the case of the prior complaints, defendant filed a motion to dismiss under both Section 45 and Section 48 of the Civil Practice Act, incorporating therein the documents filed in support of the motion to dismiss the original complaint. As grounds for dismissal the motion in substance alleged:

(1) That the complaint on its face was based upon an alleged agreement contemplating that defendant and plaintiff would operate a retail liquor business under a license to be procured by the defendant, which alleged agreement as a matter of law is illegal, void, unenforceable and against public policy and in violation of the ordinances of the city of Peoria.

(2) That the complaint failed to allege that plaintiff was, at any time, legally eligible or entitled to be issued a partnership license.

(3) That the complaint on its face showed that it was based upon an agreement whereby defendant was to procure a license which would inure to the benefit of another, which agreement as a matter of law is illegal, void and unenforceable as being against public policy and in violation of the ordinances of the city of Peoria.

(4) That plaintiff was bound by his sworn allegations in his first amended complaint that defendant had fully performed its duties under the alleged partnership agreement until October 23, 1968.

(5) That as shown by supporting documents the license agreement between plaintiff and defendant had been judicially determined to be illegal, thus rendering the agreement impossible of performance and estopping plaintiff from denying its illegality and unenforceability.

The trial court dismissed the second amended complaint with prejudice and entered judgment for the defendant. It is from this order that plaintiff appeals.

The plaintiff has raised two paramount issues, first, that defendant's motion to dismiss the second amended complaint was improper and, second, that the second amended complaint did properly state a cause of action.

Directing our attention first to the plaintiff's contention that defendant's motion to dismiss the second amended complaint was improper, the plaintiff bases this contention upon several grounds. He argues that the illegality of an agreement sued upon can be raised only by way of an affirmative defense and not by a motion to dismiss. Also, the plaintiff

contends that defendant's motion is lacking in specificity and that failure of defendant to file affidavits in support of his motion was sufficient reason to deny the same.

These questions pertaining to the propriety of the defendant's motion to dismiss were not raised in the circuit court. They therefore cannot be raised here. Plaintiffs who do not object at any time before the trial court to the form or substance of a motion to dismiss cannot raise the point on appeal. (*Department of Finance v. Schmidt*, 374 Ill. 351, 29 N.E.2d 530; *Yellen v. Bloom*, 326 Ill.App. 134, 61 N.E.2d 269; *Setliff v. Reinbold*, 73 Ill.App.2d 208, 218 N.E.2d 814; *McWane Cast Iron Pipe Co. v. Aetna Casualty and Surety Company*, 3 Ill.App.2d 399, 122 N.E.2d 435.) We agree with the contention of the defendant that plaintiff's failure to raise the procedural questions regarding the motion to dismiss precludes us from now considering them.

We must now determine whether or not the second amended complaint of the plaintiff did or did not state a cause of action.

■■ The plaintiff's original complaint charged defendant with the breach of a lease agreement wherein it was agreed that the defendant would provide plaintiff with a current liquor license and would further keep the same in force during the term of the lease. The trial court properly allowed defendant's motion to dismiss this complaint since such an agreement was on its face obviously illegal, void and unenforceable. Not only was such an agreement violative of Chapter 3 of the Municipal Code of the city of Peoria, but it has long been the law in the State of Illinois that one cannot own and conduct a saloon under a license issued to and in the name of another. (*United Breweries Co. v. Price*, 197 Ill.App. 289; *Hoyt v. McLaughlin*, 250 Ill. 442, 95 N.E. 464.) Prior to the litigation which ensued between plaintiff and defendant and which is the subject of this appeal, the plaintiff attempted to enjoin the city of Peoria, its mayor and Director of Public Safety from enforcing any order of revocation or suspension or closing down of the Club Pigalle. This suit for an injunction was filed in the circuit court of Peoria County on October 23, 1968. The defendant in its answer to the petition of the plaintiff alleged *inter alia* that the operation of the Club Pigalle by the plaintiff was a subterfuge and in violation of the ordinances of the city of Peoria and that in effect the petitioner did not legally have a license to operate the lounge. On November 1, 1968, the circuit court of Peoria County dismissed the petition of Hallie Burdin d/b/a Club Pigalle and dismissed the temporary injunction previously issued.

■■ The plaintiff then abandoning the "breach of lease" theory adverted to the theory of a partnership agreement. In a second amended complaint the plaintiff alleged that the defendant had breached a duty by

failing to acquire a partnership license. By merely changing the label of an agreement, can the agreement be changed or its patent illegality be cured? We think not. The court may look beyond the label and determine the true relationship of the parties. *Hartley v. Red Ball Transit Co.*, 344 Ill. 534, 176 N.E. 751.

■■ By designating the defendant as a partner, did the plaintiff succeed in stating a cause of action where he had failed to do so in a previous complaint wherein the defendant was placed in the position of a landlord? To answer that question we must examine the second amended complaint and compare its allegations with those contained in the original complaint. We believe that such comparison may be made in the case before us even though it is the general rule that prior pleadings are superseded by amended pleadings. The reasoning is founded upon an exception to the general rule that original pleadings may in some instances remain part of the record even after the filing of an amendment thereto. Thus admissions in a verified pleading still bind the pleader after the filing of an amended pleading which supersedes the original pleading unless the amended pleading discloses that the admissions were made through mistake or inadvertence. (30 I.L.P., Pleadings, Sec. 113, p. 93; *Blakeslee v. Blakeslee*, 265 Ill. 48, 106 N.E. 470; *People ex rel. Nelson v. Central Manufacturing Dist. Bank*, 306 Ill.App. 15, 28 N.E.2d 154.) By no stretch of the imagination can we conclude that the allegations in the original complaint and first amended complaint were made under a misapprehension or mistake. The plaintiff most certainly would have known whether he was operating under a lease agreement or a partnership agreement. Prior to the filing of his original complaint the plaintiff had been a party to an unsuccessful legal action in the circuit court of Peoria County where of necessity he had to be cognizant of all operative facts underlying his lawsuit. By engaging in the retail sale of liquors the plaintiff certainly must have been aware of the fundamental requirement that a liquor license must be displayed in a conspicuous place in the cocktail lounge and that the license which had been procured by the defendant was in the name of the defendant only.

Comparing then the allegations found in the original complaint and second amended complaint we find the documents replete with like provisions, *i.e.*, the plaintiff is to pay defendant $300.00 per month, whether he be deemed a landlord or a partner, the purchase of insurance and payment of utilities is set forth as the burden of the defendant in both documents, the term of the relationship between plaintiff and defendant is identical whether it be styled a landlord-tenant relationship or a partnership agreement, and in the second amended complaint it alleged that defendant "is obligated to obtain a liquor license from the city of Peoria,"

while in the original complaint the plaintiff had alleged that the defendant was to "provide" such a license. In replacing the word "provide" with the word "obtain", the plaintiff has indulged in an exercise of semantics, for we fail to see the distinction in the case before us.

Whether the plaintiff uses the label "landlord" or "partner" the result is the same. He was attempting to enforce an agreement which was illegal, void and unenforceable and regardless of labeling that agreement appeared on the face of the second amended complaint.

Even if it be assumed, arguendo, that plaintiff is not bound by admissions emanating from his prior verified complaints and be it further assumed that the partnership label is sufficient to divorce the second amended complaint from the illegal lease agreement, there is yet another reason why the said complaint failed to state a cause of action. As stated previously, the complaint alleges that defendant "was obligated to obtain a liquor license from the city of Peoria." The Peoria City Code does provide for issuance of a liquor license to a partnership, and the pertinent language of the code is as follows:

> "Subject to the limitations and restrictions set forth in this chapter, and all other lawful limitations and restrictions, the mayor of the city, or anyone designated by him, may, from time to time, grant licenses for the retail sale of alcoholic liquors, malt and vinaceous beverages within the city limits to any resident or any state corporation qualified to receive such license, or to any company, association or partnership for all of the members thereof, or residents of the city; provided, however, that an application is made to him in writing; provided further, that any and all such persons furnish sufficient evidence to satisfy the mayor, or anyone designated by him, that they are persons of good moral character, and have never been convicted of a felony, and have never possessed a license to sell at retail intoxicating liquor or malt or vinaceous beverages, that was revoked by either the city or state authorities." Peoria City Code, Chap. 3, Sec. 29.

From the foregoing provisions of the code it is clear that each partner must individually submit evidence to the mayor that he possesses the prescribed qualifications for a liquor license. Conformance with the code made it the plaintiff's personal responsibility to furnish evidence that he was qualified to participate in and receive a partnership license and any partnership agreement such as the one plaintiff attempts to set forth in his second amended complaint is violative of the Peoria City Code and therefore void and unenforceable.

■■ The defendant's appeal brief sets forth additional arguments as to why the second amended complaint of the plaintiff fails to state a cause

of action, but having determined that the document attempts to enforce an agreement which is obviously illegal and unenforceable it is not necessary for us to consider the other contentions raised by the defendant. Accordingly the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

ALLOY, P. J., and STOUDER, J., concur.