Edward J. Yarc, Plaintiff-Appellant, *v.* American Hospital Supply Corporation *et al.*, Defendants-Appellees.

(No. 72-141;

Second District—February 21, 1974.

668

Norman Crawford, of Chicago, and George H. White, of Park Ridge, for appellant.

James V. DeMarco, of Winston & Strawn, and Dennis M. Wilson, of Price, Cushman, Keck & Mahin, both of Chicago, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

An order was entered in the Lake County Circuit Court on February 10, 1972, dismissing plaintiff Edward J. Yarc's second amended complaint with prejudice, and finding judgment in favor of defendants American Hospital Supply Corporation (hereafter, American) and B. F. Brown Company (hereafter, Brown). The dispositive issue presented in this appeal is whether the second amended complaint contained sufficient averments of fact to allege the creation of a hold-over tenancy between Yarc and defendants American and Brown.

Plaintiff's second amended complaint is based, in theory, on breach of a hold-over tenancy that allegedly arose between himself and defendants American and Brown upon the expiration of a written one-year farm lease on February 28, 1968. This lease was entered into between plaintiff, as lessee, and Brown, as lessor, on March 1, 1967; and it expressly provided that plaintiff would yield up possession of the premises, without further demand or notice, upon expiration of the lease term. Prior to the expiration of the lease, however, Brown sold and conveyed the property to American. Plaintiff admitted in his second amended complaint that he was notified of the sale, that American assumed ownership of the property and that he remitted his annual rental payment to American.

Prior and subsequent to the termination of the aforementioned lease,

plaintiff and American negotiated to enter into another one-year lease. However, by late spring of 1968 it became apparent that plaintiff and American could not reach an agreement on a new lease; and soon thereafter plaintiff quit the premises and filed this action.

In support of his allegation that a hold-over tenancy was created between himself and defendants American and Brown, plaintiff states in his second amended complaint, that on February 28, 1968, the "* * * Defendants *acquiesced* in the farming activities by the Plaintiff and *elected* to permit the Plaintiff to remain on the demised premises * * *." (Emphasis added.)

Plaintiff's initial contention is that the trial judge did not limit his consideration to the second amended complaint alone when he determined that it was insufficient. Plaintiff argues that in arriving at his conclusion, the trial judge also considered several affidavits of Yarc and American which were filed in conjunction with a motion by Yarc for partial summary judgment.

■■ We agree with plaintiff that a motion to dismiss relates only to the sufficiency of the complaint, and that the trial judge should confine his inquiry solely to the allegations contained in the complaint when determining its sufficiency. (*Arthur Rubloff & Co. v. Leaf* (1952), 347 Ill.App. 191, 106 N.E.2d 735.) The order here appealed from, however, along with the remainder of the record, is absent any indication that the trial judge violated this established principle. Therefore, there is no merit to plaintiff's contention inasmuch as he cannot supplement the record before us by unsupported statements in his brief. *In re Annexation of Certain Territory to the City of Darien* (1973), 16 Ill.App.3d 140; *County Board of School Trustees v. Bendt* (1961), 30 Ill.App.2d 329, 174 N.E.2d 404.

Directing our consideration to the question of the sufficiency of the second amended complaint, we note the mandate contained in section 33 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 33), that pleadings should be construed liberally with a view toward determining controversies on their merits; thus effectuating substantial justice between litigants. *E.g., Coffey v. MacKay* (1972), 2 Ill.App.3d 802, 277 N.E.2d 748.

■■ The second amended complaint, however, is replete with the conclusion-like statements "acquiesced" and "elected", as set forth above. The pleadings are devoid of any necessary facts which would support the allegation of the creation of a hold-over tenancy. The inadequacy of plaintiff's second amended complaint, therefore, lies not in the theory of his cause of action, but in the absence of any factual allegations in support of that theory. Therefore, we conclude as did the court in

*Parsons v. Kuhne-Simmons Co.* (1966), 76 Ill.App.2d 121, 124, 221 N.E.2d 168, 170:

> "We are aware that we must give the complaint a liberal construction. We are disposed to reach the substantive merits of litigation rather than procedural technicalities. *Fatal deficiencies, however, cannot be supplied by liberal construction.* We can only conclude that the absence of a factual basis in the complaint for the requested relief must be taken as and for the fact that no such basis, in fact, exists. If so, it would have been alleged." (Emphasis added.)

Although there are instances where the difference between permissible factual statements and impermissible conclusions is not easily distinguishable, such is not the case here. (*See Herman v. Prudence Mutual Casualty Co.* (1969), 41 Ill.2d 468, 244 N.E.2d 809.) Nevertheless, there is another reason which we deem noteworthy for holding that plaintiff's second amended complaint is insufficient to state a cause of action against American and Brown.

■■■ Generally, the trial judge should concern himself solely with the contents of the amended complaint when determining its sufficiency. This is so because an amendment which is complete in itself and does not refer to or adopt the prior unverified pleading ordinarily supersedes the prior pleading. The prior unverified pleading then ceases to be part of the record since it is, in effect, abandoned or withdrawn. (*E.g., Louis v. Barenfanger* (1967), 81 Ill.App.2d 104, 226 N.E.2d 85, 88, aff'd, 39 Ill.2d 445, 236 N.E.2d 724 (1968); *Bowman v. County of Lake* (1963), 29 Ill.2d 268, 193 N.E.2d 833, 835; *Precision Extrusions Inc. v. Stewart* (1962), 36 Ill.App.2d 30, 183 N.E.2d 547, 556; *W. P. Iverson & Co. v. Dunham Manufacturing Co.* (1958), 18 Ill.App.2d 404, 152 N.E.2d 615, 625.) In such a case, admissions of a party in the unverified original pleading may only be used as evidentiary admissions, rather than judicial admissions. *Precision Extrusions Inc., supra.*

■■ The case before us, however, is illustrative of an exception to these general rules of pleading and evidence. Where the original pleading is *verified* it remains part of the record upon the filing of an amended pleading. (*Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill.App.2d 703, 269 N.E.2d 340; *Shealy v. Schwerin* (1942), 317 Ill.App. 375, 46 N.E.2d 184 (abstract opinion); *People ex rel. Nelson v. Central Manufacturing District Bank* (1940), 306 Ill.App. 15, 28 N.E.2d 154, 161.) Furthermore, the admissions of a party contained in an original verified pleading are judicial admissions and still bind the pleader even after the filing of an amended pleading which supersedes the original. (*Cf. Burdin, supra*). If, however, the amended pleading discloses that

the admissions contained in the prior verified pleading were made through mistake or inadvertence, such admissions are only evidential. (*Shealy, supra; Burdin, supra; see Herman v. Prudence Mutual Casualty Co., supra; cf. Stura v. Krilich,* 1 Ill.App.3d 1002, 274 N.E.2d 657 (abstract opinion.) It is now necessary to apply these principles to the facts before us.

In his original verified complaint, in which American was named as the sole defendant, plaintiff Yarc alleged that negotiations were going on between himself and American for the purpose of arriving at a new lease. Copies of two unexecuted leases, apparently products of the unsuccessful negotiations, were specifically incorporated in plaintiff's original verified complaint by reference. Neither the amended nor the second amended complaint disclosed that the admissions contained in the original verified complaint, which referred to the negotiations and unexecuted leases, were made by mistake or inadvertence. Rather, plaintiff merely abandoned these sworn allegations contained in his original complaint without explanation. Thus, in determining whether the second amended complaint alleged sufficient facts to establish the creation of a hold-over tenancy, it is proper to consider the admissions and exhibits contained in plaintiff's original verified complaint; and the admissions contained therein are judicially binding upon plaintff.

Being so bound, plaintiff could never prove any facts to support the allegations in his second amended complaint that a hold-over tenancy was created as a result of any acquiescence or election on the part of American. For plaintiff's judicial admissions in his prior verified pleading, as to negotiations between himself and American, negate the possibility of any acquiescence or election by American, as lessor, to create a hold-over tenancy. See *Krause v. Buttino* (1954), 4 Ill.App.2d 75, 123 N.E.2d 337.

■■■ Thus, even under the liberal standard for testing the sufficiency of a complaint enunciated in *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill.App.2d 206, 211-212, 230 N.E.2d 702, 705—"* * * a cause of action should not be dismissed on the pleadings *unless it appears that no set of facts can be proved which will entitle the pleader to relief,* and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated" (emphasis added) —it is apparent that plaintiff's second amended complaint was properly dismissed, as to American, for failure to state a cause of action.

■■ For a different reason, application of the standard expressed in *Dinn* reveals that the second amended complaint was properly dismissed as to defendant Brown. As previously stated, plaintiff admitted in his second amended verified complaint that Brown sold and conveyed the

leased property to American *prior* to the expiration of the lease. Plaintiff also admitted that he remitted his annual rental payment to American. This admitted conduct on behalf of plaintiff constituted an attornment; thereby no longer recognizing Brown as his landlord, but rather American. *Fisher v. Deering* (1871), 60 Ill. 114; *Revel v. Butler* (1926), 322 Ill. 337, 153 N.E. 682; *West Side Trust & Savings Bank v. Lopoten* (1934), 358 Ill. 631, 193 N.E. 462.

Consequently, since this attornment occurred prior to the alleged creation of the hold-over tenancy, Brown was no longer plaintiff's landlord at that time. Therefore, whether Brown "acquiesced" in plaintiff's farming activities or "elected" to permit plaintiff to remain on the leased premises is of no legal consequence. For this reason, even if plaintiff were able to prove any facts in support of his hold-over theory with respect to defendant Brown, his second amended complaint would still be insufficient to state a cause of action.

The judgment of the trial court is, therefore, affirmed.

Affirmed.

SEIDENFELD and CLYDESDALE, JJ., concur.