LEONARD J. ROBINS, Plaintiff-Appellant, *v.* ALLAN N. LASKY *et al.*, Defendants-Appellees.

First District (5th Division)    No. 82—3065

Opinion filed March 30, 1984.

Allen H. Schultz, of Chicago (Schultz & Schultz, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Gary A. Grasso, and Joshua G. Vincent, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

In this appeal from an order dismissing his amended complaint against defendants for their alleged legal malpractice, the plaintiff contends that the trial court erred when it ruled that his amended complaint had failed to state a cause of action.

On January 10, 1981, plaintiff filed a verified complaint which alleged that he was an officer, director and stockholder of four retail liquor companies in Cook County, Illinois, and that he had retained the professional services of defendants Allan N. Lasky, Bennett H. Shulman and Norman E. Goldman, all attorneys at law, as well as the partnership of Spivack & Lasky (ultimately succeeded by Spivack, Shulman and Goldman), to represent him in defense of an anticipated tax deficiency assessment to be issued by the Illinois Department of Revenue, whereby plaintiff and his wife could be held personally liable for the corporate tax liabilities of these companies pursuant to section 13½ of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 452½). Further, plaintiff allegedly agreed to pay defendants in return for their services.

The verified complaint alleged that on February 8, 1978, defend-

ants Lasky and Shulman advised plaintiff to establish his permanent legal residence in a State other than Illinois, in order to avoid service of process in Illinois in the expected tax litigation; that plaintiff and his wife uprooted their family and moved to Pompano Beach, Florida, at great expense, resulting in great mental, emotional and traumatic distress; and that as a result of this move, plaintiff suffered from a "fugitive complex."

It further alleged that plaintiff, while still residing in Florida, was served with process in the tax deficiency action at his former business office in Chicago, Illinois; that defendant Goldman's motion to quash the service of summons on plaintiff was denied; that defendants' advice to plaintiff to establish a new permanent residence in order to avoid service of process had no legal effect, inasmuch as section 5i of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1977, ch. 120, par. 444i) provided for the appointment of the Secretary of State as an agent for service of process on persons who remove themselves from the State of Illinois or conceal their whereabouts to avoid tax liability under the Act; and that plaintiff had relied upon defendants' advice, thereby causing him to engage in the useless, futile and costly act of relocation.

Finally, it alleged that on September 2, 1980, plaintiff was advised for the first time, by his newly retained counsel, that the advice given to him by Lasky and Shulman, acting on behalf of the law firm of Spivack & Lasky, was grossly and wantonly negligent due to the provisions of section 5i; and that as a result of this negligent advice, plaintiff sought compensatory and punitive damages.

Subsequently, on February 9, 1981, plaintiff's newly retained counsel succeeded in having the tax deficiency suit dismissed against plaintiff and his wife, with prejudice.

Defendants' motion to strike the verified complaint on the grounds that it, *inter alia*, admitted that plaintiff would and did move to Florida to avoid service of process, was allowed on March 26, 1982. The trial court further granted plaintiff leave to file an amended complaint.

Plaintiff's unverified amended complaint, filed on May 14, 1982, alleged that defendants had advised plaintiff to establish his legal residence in a State other than Illinois, for a "short period of time," as the possibility of resolving the alleged tax claims would be enhanced if, during the negotiation period, plaintiff was not served with process.

Defendants moved to dismiss the amended complaint, contending that the plaintiff was bound by the admissions of his prior verified

complaint. Further, at the hearing on the motion to dismiss, plaintiff sought to amend paragraph six of his amended complaint by adding a statement that any admissions contained in paragraph five of the verified complaint "were made by mistake or inadvertence."

Although the trial court indicated that plaintiff's motion to amend was untimely, its final order dismissed the amended complaint "as further amended," holding that the additional allegations of mistake and inadvertence were conclusionary, and therefore did not supersede plaintiff's prior admissions in his verified complaint.

Plaintiff appeals from the trial court's order granting defendants' Shulman, Goldman and Spivack, Shulman and Goldman's motion to dismiss.

OPINION

Plaintiff contends that the trial court erred in dismissing his amended unverified complaint for alleged legal malpractice when it ruled that (1) plaintiff was bound by an admission contained in his original verified complaint, and (2) this admission by plaintiff therefore precluded him from seeking aid of the court to recover damages.

The pertinent portion of plaintiff's original verified complaint provided:

"5. On to-wit: February 8, 1978, defendant Lasky, together with defendant Shulman, advised plaintiff to establish their permanent legal residence in a state other than Illinois, in order to avoid service of process in Illinois, resulting from the contemplated actions by the Illinois Department of Revenue. Plaintiff was further advised by Lasky, not to return to Illinois unless plaintiff first received specific permission from him; thus causing plaintiff to suffer from a fugitive complex;

6. Plaintiff and his wife *** acting upon the advice of the defendants, moved to Pompano Beach, Florida, ***."

Plaintiff was subsequently given leave to amend, and filed an unverified amended complaint which read:

"6. Defendants advised plaintiff that the possibility of resolving the alleged tax claims with the Department would be enhanced, if during the negotiating period, plaintiff was not served with process. Thus, on or about February 8, 1978, defendants advised plaintiff to establish his legal residence in a state other than Illinois, for a short period of time, while they would be negotiating to settle the tax matters with the Department. Plaintiff was further advised by said defendants that such conduct by plaintiff would not be illegal or immoral, inas-

much as defendants would file their appearance with the Department, and notify the office of the Illinois Attorney General that they represent plaintiff and his wife.

7. *** plaintiff, acting upon the advice of defendants, moved to Pompano Beach, Florida, ***.''

At the hearing on the motion to dismiss the amended complaint, plaintiff amended paragraph six of the unverified amended complaint by adding the following:

"Defendants did file their appearance with the Department, and did notify the Office of the Illinois Attorney General that they represent plaintiff and his wife. *The admissions, if any, contained in plaintiff's paragraph 5 of the original verified complaint were made by mistake or inadvertence.*" (Emphasis added.)

We initially consider plaintiff's contention that the trial court erred in granting defendants' motion to dismiss plaintiff's unverified amended complaint when it ruled that the plaintiff was bound by the admissions contained in his verified complaint.

■ It is a general rule to pleadings that an amendment which is complete in itself, and does not refer to, or adopt, the prior pleadings, ordinarily supersedes it and the prior pleading ceases to be part of the record, being in effect abandoned or withdrawn. (*W. P. Iverson & Co. v. Dunham Manufacturing Co.* (1958), 18 Ill. App. 2d 404, 425, 152 N.E.2d 615, 625.) In such a case, admissions of a party in the unverified original pleadings may be used as evidentiary admissions, rather than judicial admissions. *City National Bank & Trust Co. v. Oberheide Coal Co.* (1940), 307 Ill. App. 519, 30 N.E.2d 753.

■ The case before use, however, is illustrative of an exception to these general rules of pleading and evidence. Where the original pleading is verified it remains part of the record upon the filing of an amended pleading. (*People v. Central Manufacturing District Bank* (1940), 306 Ill. App. 15, 28 N.E.2d 154.) Thus, the admissions of a party contained in an original verified pleading are judicial admissions and still bind the pleader even after the filing of an amended pleading which supersedes the original. (*Yarc v. American Hospital Supply Corp.* (1974), 17 Ill. App. 3d 667, 670, 307 N.E.2d 749, 752.) "Judicial admissions are not evidence at all, but are formal admissions in the pleadings *** which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Precision Extrusions, Inc. v. Stewart* (1962), 36 Ill. App. 2d 30, 50, 183 N.E.2d 547, 556.

Plaintiff argues that his unverified amended complaint should su-

persede his original verified complaint based upon the rule in *Burdin v. Jefferson Trust & Savings Bank* (1971), 133 Ill. App. 2d 703, 708, 269 N.E.2d 340, where the court stated:

> "*** admissions in a verified pleading still bind the pleader after the filing of an amended pleading which supersedes the original pleading *unless the amended pleading discloses that the admissions were made through mistake or inadvertence.*" (Emphasis added.)

To illustrate a recent application of the rule in *Burdin*, plaintiff cites *Colgan v. Premier Electrical Construction Co.* (1981), 92 Ill. App. 3d 407, 414 N.E.2d 1364, where the binding effect of an admission in a verified answer subsequently superseded by an amended answer is discussed.

In *Colgan*, the defendant-corporation originally responded to the plaintiff's complaint *via* a verified answer, through which it admitted certain allegations contained within the complaint. These allegations included, *inter alia*, that a letter of assent regarding a collective bargaining agreement was accepted, signed and approved by the parties; that it had not been amended, modified or terminated; and that it was in full force and effect. The defendant was then granted leave to file a verified amended answer, which admitted every allegation previously admitted, but also affirmatively asserted that the letter of assent did not contain the complete agreement of the parties.

The court in *Colgan* held that defendant-corporation's verified amended answer did not contradict its original answer, but assuming *arguendo* that it did, its verified amended answer superseded the original verified answer by clearly demonstrating "the mistaken distinction upon which the original answer was premised." 92 Ill. App. 3d 407, 412.

In the instant case, plaintiff urges that this court view his amendment to paragraph six of his unverified amended complaint, wherein he sets forth the following language:

> "the admissions, if any, contained in plaintiff's paragraph 5 of the original verified complaint were made by mistake or inadvertence,"

as sufficient enough in its allegation of mistake or inadvertence to come within the *Colgan* court's application of the *Burdin* rule regarding admissions made through mistake or inadvertence. This we refuse to do.

In order to determine what is necessary to properly plead mistake or inadvertence in the making of an admission, we look to earlier Illinois cases where the court was confronted with the same issue. In

*Blakeslee v. Blakeslee* (1914), 265 Ill. 48, 106 N.E. 470, cited by the *Burdin* court, a court order was necessary before a party could gain relief from an "improvidently made" admission under oath. The court would base this order of relief sought from an admission of fact, upon defendant's affidavit, wherein it was shown that: (1) the answer was drawn with care and attention, stating upon information and belief, such facts as were not within the defendant's own knowledge; (2) that he was erroneously informed in regard to it; and (3) that he made oath to the answer, honestly believing such erroneous information. See *Maher v. Bull* (1864), 39 Ill. 531.

■■ Applying these principles to our facts, it is apparent that neither plaintiff's unverified amended complaint nor its amended paragraph six sufficiently "discloses" or pleads that the admissions contained within the original verified complaint—*i.e.,* that plaintiff moved to Florida "in order to avoid service of process in Illinois"—were made through mistake or inadvertence. It is well established that facts and not legal conclusions should be alleged in pleadings. (*Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 401 N.E.2d 1094.) A mere allegation of error or mistake, without setting out facts justifying the allegation, is a conclusion of law and is insufficient. *Hamilton v. Scheets* (N.D. Ill. 1934), 6 F. Supp. 824.

Finally, we are not persuaded by the plaintiff's argument that this case presents us with a situation similar to that in *Colgan.* The allegations of mistake contained in *Colgan* are in direct contrast with those presented here. The mistake in *Colgan*, if any, was one inferred by the court based upon allegations of facts, and not the mere legal conclusions that confront us in the instant case.

We therefore view plaintiff's unverified amended complaint as a lame attempt to abandon his admission that he moved to Florida "in order to avoid service of process in Illinois," and find the trial court correct in its determination that plaintiff was bound by the judicial admissions of his original verified complaint.

Plaintiff next argues that the trial court improperly considered his prior judicial admission in its determination that he be precluded from seeking the aid of the court to recover damages because he had admitted illegal conduct in his verified complaint. He further contends that the trial court's dismissal of this action results in the court's condonation of defendant's alleged misconduct in their legal advice to him.

■■ A cause of action should not be dismissed on the pleadings unless it appears that no set of facts can be proved which will entitle the pleader to relief, and then only if it is apparent that even after

amendment, if leave is sought, no cause of action can be stated. (*Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 211-12, 230 N.E.2d 702.) In considering a motion to dismiss, however, "the pleadings are to be construed strictly against the pleader." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 421, 430 N.E.2d 976.) A section 45 motion (now section 2–615 of the Illinois Code of Civil Procedure) with respect to pleadings admits as true all well-pleaded facts, and attacks only the legal sufficiency of the complaint. *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 359 N.E.2d 171.

To determine whether the plaintiff in the present case had a sufficient cause of action upon which to base his complaint, the trial court applied the holding of *Mettes v. Quinn* (1980), 89 Ill. App. 3d 77, 411 N.E.2d 549.

In *Mettes,* the plaintiff (Mary Mettes) alleged that defendant Quinn, her attorney, had breached his fiduciary duty to her when he advised her to satisfy a settlement that she had made with Adele Hoffman. Hoffman had alleged that she had given $220,000 to Mettes and another party for "safekeeping." When Mettes later refused to return the money, Hoffman filed suit against Mettes for its return, but the parties subsequently reached a settlement. Mettes, who was unaware that Hoffman had marked all the currency before giving it to her, satisfied the settlement using the same marked currency. In her suit against Quinn, Mettes alleged that Quinn knew, or should have known, that his advice would subject her to charges of fraud sufficient to set aside the favorable agreement. Her complaint was subsequently dismissed by the trial court for failure to state a cause of action.

The appellate court in *Mettes,* citing a long series of precedents which established the rule that "courts will not aid a fraudfeasor who invokes the court's jurisdiction to profit from his own fraud by recovering damages," affirmed the lower court's decision. (89 Ill. App. 3d 77, 80.) See also *Tovar v. Paxton Community Memorial Hospital* (1975), 29 Ill. App. 3d 218, 330 N.E.2d 247; *Bonnier v. Chicago Burlington & Quincy R.R. Co.* (1953), 351 Ill. App. 34, 113 N.E.2d 615, *rev'd on other grounds* (1954), 2 Ill. 2d 606, 119 N.E.2d 254, *cert. denied* (1954), 348 U.S. 830, 99 L. Ed. 655, 75 S. Ct. 53; *Kessinger v. Standard Oil Co.* (1925), 245 Ill. App. 376.

We agree with the trial court's application of *Mettes* to the instant case, and give no credence to plaintiff's arguments that *Mettes* is inapplicable because it (1) involved the commission of the crime of embezzlement; and (2) the alleged negligent advice in the present case

originated with the defendants, and not with plaintiff as was the case in *Mettes*.

Through his original verified complaint, plaintiff here admits to the act of relocation to Florida in order to avoid service in Illinois. He now pleads impossibility of evasion of process due to the provisions of section 5i, and presents himself to this court as a naive businessman who followed "negligent" legal advice and became financially and emotionally damaged.

■ We find plaintiff's conduct here similar to the conduct of the client in *Mettes*. Both parties involved voluntarily elected to follow advice intended to extricate themselves from a questionable situation. Both parties came to this court with "unclean hands," seeking relief from their wrongful conduct.

We pass no judgment on the advice given by the defendants, as our refusal to aid the plaintiff here is a decision based upon his admitted attempt to evade the law.

In view of our findings we need not consider defendants' additional arguments. We therefore find no error committed by the court below in dismissing this complaint with prejudice.

For the reasons expressed above, we affirm the decision of the circuit court dismissing plaintiff's complaint.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.